# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **SERGIO RAMIREZ, # 56249-112, a/k/a EDGAR CARLON** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 5:19cv50-DCB-MTP** |
| **UNITED STATES OF AMERICA** | **RESPONDENT** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Sergio Ramirez, also known as Edgar Carlon, filed this Petition [1, 10] for Writ of Habeas Corpus under 28 U.S.C. § 2241. At the time, he was incarcerated at the Adams County Correctional Center in Natchez, Mississippi. He attacks his drug convictions and sentences. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On June 5, 2019, Petitioner filed the instant habeas petition challenging his convictions and sentences handed down from the United States District Court for the Central District of California. He pled guilty to conspiracy to distribute at least fifty grams of methamphetamine, two counts of possession with intent to distribute at least fifty grams of methamphetamine, and maintaining a drug involved premises. *United States v. Ramirez*, 2:09cr229 (C.D. Cal. Apr. 6, 2010). On July 12, 2010, Petitioner was sentenced to concurrent terms of 148 months imprisonment on each count. *United States v. Ramirez*, 2:09cr229 (C.D. Cal. Jul. 12, 2010). The Ninth Circuit Court of Appeals affirmed. *United States v. Ramirez*, 472 F. App'x 661, 662 (9th Cir. Apr. 18, 2012).

Petitioner then filed a motion to vacate his sentences under 28 U.S.C. § 2255. *United*

*States v. Ramirez*, 2:09cr229 (C.D. Cal. Feb. 19, 2014). On February 19, 2014, the trial court denied the motion. *Id.*

Petitioner next filed a motion to reduce his sentences pursuant to 18 U.S.C. § 3582, arguing that a retroactive amendment to the United States Sentencing Guidelines reduced his sentences. *United States v. Ramirez*, 2:09cr229 (C.D. Cal. Jan. 30, 2017). The Central District of California denied the motion because "based on the quantity of drugs . . . and relevant conduct" involved, the amendment did not affect the Sentencing Guidelines in Petitioner's case. *Id.* The Ninth Circuit affirmed on March 19, 2018. *United States v. Ramirez*, 715 F. App'x 663, 664 (9th Cir. Mar. 19, 2018).

In the instant case, Petitioner proceeds under § 2241. He argues his (1) guilty plea was unknowing, (2) trial counsel was ineffective for advising him to plead guilty, failing to discuss the pre-sentencing report, and not objecting to his sentences, and (3) sentences were illegal because they were below the Sentencing Guidelines range. Petitioner asks the Court to vacate his convictions.

## DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claims that he was improperly convicted and sentenced do not challenge the

execution of his federal sentences but instead attacks the validity of his sentences. Since the alleged constitutional violations occurred before sentencing, they are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner does not address the savings clause. He does not argue he was convicted of a nonexistent offense or that his claims were previously foreclosed. Since Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with the claims under § 2241. Accordingly, the Petition shall be dismissed as frivolous. To the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue

3

pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the  15th day of November, 2019.

                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE